Humberto M. Guizar, Esq., (SBN 125769)
    HGuizar@GHCLegal.com
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101

Christian Contreras, Esq., (SBN 330269)
    CC@Contreras-Law.com
Edwin S. Salguero, Esq., (SBN 344820)
    ES@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiffs, ESTATE OF EZEKIEL RIVERA, et al.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF EZEKIEL RIVERA, by and through his successor in interest, SOLUNA LORA; SOLUNA LORA, individually; E.R., individually, by and through his Guardian Ad Litem, JOSEPHINA VILLAREAL, <br><br> Plaintiffs, <br><br> v. <br><br> KERN COUNTY SHERIFF'S DEPARTMENT, a public entity; KERN COUNTY, a public entity; DEPUTY SWORDS, individually; DEPUTY CHAVEZ, individually; SHERIFF DONNY YOUNGBLOOD, individually; and DOES 1 through 10, individually, <br><br> Defendants. | **CASE NO.: 1:24-at-00122** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. State Created Danger – Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Special Relationship – Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 3. Due Process – Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 4. Interference with Parent/Child Relationship, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 5. Municipal Liability – Unconstitutional Policies, Customs, Practices (*Monell*, 42 U.S.C. § 1983); <br> 6. Municipal Liability – Failure to Train (*Monell*, 42 U.S.C. § 1983); <br> 7. Municipal Liability – Ratification (*Monell*, 42 U.S.C. § 1983); <br> 8. Supervisory Liability (42 U.S.C. § 1983); <br> 9. Negligence; <br> 10. Wrongful Death; <br> 11. Violation of California Civil Code §52.1 (Tom Bane Act) <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This is a civil rights action concerning the egregious conduct of Defendants KERN COUNTY SHERIFF'S DEPARTMENT, KERN COUNTY, DEPUTY SWORDS, DEPUTY CHAVEZ and other KCSO employees in causing the tragic death of EZEKIEL RIVERA on June 5, 2023 and causing the overdose of E.R. on June 5, 2023.

2.      EZEKIEL RIVERA and E.R. were and are minor children who their mother, SOLUNA LORA, attempted to save from danger on June 3, 2023. Instead of facilitating that EZEKIEL RIVERA and E.R. were safely in the custody of SOLUNA LORA, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ, and DOES 1-10, took affirmative actions to prevent SOLUNA LORA from saving her children and allowing EZEKIEL RIVERA and E.R. to remain in the dangerous custody of their abusive father, Raul Rivera. The conduct of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ, and DOES 1-10 directly lead to the death of EZEKIEL RIVERA and the overdose of E.R. It was clearly foreseeable that EZEKIEL RIVERA would die and that E.R. would overdose because Raul Rivera had a history of drug abuse, Raul Rivera was in possession of drugs, and because Raul Rivera was in drug home. Defendants DEPUTY SWORDS, DEPUTY CHAVEZ, and DOES 1-10 were clearly deliberately indifferent to the constitutional rights and safety of Plaintiffs.

3.      Accordingly, Plaintiffs now bring this action to remedy Plaintiff's constitutional rights, to obtain justice for EZEKIEL RIVERA and E.R. and to seek monetary damages for the death of EZEKIEL RIVERA and the injuries that E.R. suffered.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

5.      This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

6.      Venue is proper within the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

7.      Plaintiff has complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

8.      With respect to these supplemental state claims, Plaintiff request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

9.      Decedent EZEKIEL RIVERA was two years old at the time of his death. The claims made by Plaintiff ESTATE OF EZEKIEL RIVERA are brought by the successor in interest, SOLUNA LORA.

10.     Plaintiff SOLUNA LORA, is and was, at all times relevant hereto, a resident of the County of Kern, California, and was the natural mother of EZEKIEL RIVERA. Plaintiff SOLUNA LORA brings her claims individually and on behalf of decedent EZEKIEL RIVERA on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff SOLUNA LORA brings her claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq*. and 377.60 *et seq*., which provide for survival and wrongful death actions.

11.     Plaintiff E.R., a minor by and through her Guardian Ad Litem, JOSEPHINA VILLAREAL, is and was, at all times relevant hereto, a resident of the County of Kern, California. Plaintiff E.R., bring his claims individually.

12.     Defendant KERN COUNTY (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant KERN COUNTY SHERIFF'S

DEPARTMENT (hereinafter also "KCSO")[1], also a separate public entity, which employed DEPUTY SWORDS and DEPUTY CHAVEZ and other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees, including KCSO employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through KCSO, is and was responsible for ensuring the protection and safety of all persons incarcerated at the KCSO correctional facilities.

13.    At all relevant times, Defendant SHERIFF DONNY YOUNGBLOOD was the sheriff of the Kern County Sheriff's Department. At all relevant times, Defendant SHERIFF DONNY YOUNGBLOOD was acting under color of law. Defendant SHERIFF DONNY YOUNGBLOOD is being sued in his individual capacity.

14.    At all relevant times, Defendant DEPUTY SWORDS was a sheriff deputy employed with the Kern County Sheriff's Department. At all relevant times, Defendant DEPUTY SWORDS was acting under color of law. Defendant DEPUTY SWORDS is being sued in his individual capacity.

15.    At all relevant times, Defendant DEPUTY CHAVEZ was a sheriff deputy employed with the Kern County Sheriff's Department. At all relevant times, Defendant DEPUTY CHAVEZ was acting under color of law. Defendant DEPUTY CHAVEZ is being sued in his individual capacity.

16.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

1    forth herein. Plaintiff will amend their complaint to state the names and capacities of

2    each DOE Defendant when they have been ascertained.

3        17.    The identities, capacities, and/or nature of involvement of the defendants

4    sued as DOES 1 through 10 are presently unknown to the Plaintiff who therefore sue

5    these defendants by fictitious names. Plaintiff is informed, believes, and thereupon

6    alleges that DOES 1 through 10 include individual law enforcement personnel and

7    medical personnel employed by the KCSO and the COUNTY and that they were

8    involved in some manner and are legally responsible for the wrongful acts and conduct

9    alleged herein. Plaintiff will amend this complaint to substitute the DOE Defendants'

10   true names and capacities when they have been ascertained. Plaintiff is informed,

11   believes, and thereupon alleges that each DOE defendant is a resident of California.

12   Upon information and belief, DOES 1 through10 were and still are residents of the

13   KERN COUNTY, California. DOES 1 through 10 are sued in both their individual and

14   official capacities.

15       18.    Each of the defendants, including the DOE defendants, caused, and is

16   responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by,

17   among other things, personally participating in the unlawful conduct, acting jointly, or

18   conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting

19   in motion policies, plans, or actions that led to the unlawful conduct, by failing to take

20   action to prevent the unlawful conduct; by failing and refusing to initiate and maintain

21   adequate training and supervision; by failing to enact policies to address the

22   constitutional rights of protesters despite the obvious need for such a policy; and by

23   ratifying the unlawful conduct that occurred by agents and officers under their direction

24   and control, including failing to take remedial or disciplinary action.

25       19.    Plaintiff is informed and believes and thereon alleges that each of the

26   Defendants was at all material times an agent, servant, employee, partner, joint venturer,

27   co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

28   herein alleged, was acting within the course and scope of that relationship. Plaintiff is

further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

20. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

21. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

22. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. On June 5, 2023, three year old EZEKIEL RIVERA passed away and E.R. suffered an overdose because the wrongful conduct of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and other Kern County Sheriff's Department deputies.

24. On June 3, 2023, SOLUNA LORA, mother of EZEKIEL RIVERA and minor E.R., was having a custody dispute with Raul Rivera, father of EZEKIEL RIVERA and E.R.

25. At such time and ate, SOLUNA LORA argued with RAUL RIVERA during an attempted custody exchange and KCSO was called to 9012 Sentido Dr, Bakersfield, Ca 93306 for a peace disturbance.

26. The 9012 Sentido Dr. residence is a well known residence to law enforcement including the Kern County Sheriff's Department. When Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, arrived, SOLUNA LORA told deputies she had seen with Raul Rivera holding a bag with a white substance inside. However, Deputy Swords, Deputy Chavez  and Kern County

Sheriff's Department deputies Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive,  failed to remove EZEKIEL RIVERA and E.R. from Raul Rivera's custody despite having express information that RAUL RIVERA was in possession of drugs in conjunction. Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, failed to protect EZEKIEL RIVERA and E.R. and placed them in direct harm by permitting EZEKIEL RIVERA and E.R. to stay with Raul Rivera as opposed to SOLUNA LORA.

27.     It was clear, obvious and foreseeable that Raul Rivera would cause death or serious bodily injury to EZEKIEL RIVERA and E.R. in these circumstances. Indeed, Raul Rivera's own relatives, Kia Villarreal and Ashley Hernandez also advised Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, that they saw RAUL RIVERA with fentanyl but Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, affirmatively placed EZEKIEL RIVERA and E.R. by preventing SOLUNA LORA from taking custody of EZEKIEL RIVERA and E.R. The conduct of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, included failing to search Raul Rivera or the home despite knowing Raul Rivera had drugs on him.

28.     Furthermore, on June 5, 2023, Kern County Sheriff's Department deputies were again called to 9012 Sentido Dr, Bakersfield, Ca 93306. This time, the call was due to EZEKIEL RIVERA and E.R. being unresponsive. Emergency medical personnel arrived to the home to render aid to EZEKIEL RIVERA and E.R. However, EZEKIEL RIVERA could not be revived and died from a fentanyl overdose. E.R. also suffered an overdose but fortunately survived.

29.     Two methamphetamine pipes, four empty Narcan packages, and one Narcan nasal applicator were found in Raul Rivera's home. On June 6, 2023, SOLUNA LORA's other children tested positive for fentanyl.

30.     The death of EZEKIEL RIVERA and the overdose of E.R. were foreseeable given Raul Rivera's extensive history with drug abuse. Raul Rivera has

overdosed in the past, and the ambulance has been sent out to the 9012 Sentido Dr. residence before for multiple drug overdoses. On March 7, 2021, Raul Rivera was arrested after drugs were found in his home and the children were present. Further, on April 3, 2023, Raul Rivera was convicted of Health and Safety Code Section 11351.5 which added to the long criminal history Raul Rivera had with respect to drug offenses. Raul Rivera has a long documents history of substance abuse dating back to 2019 which Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, were aware of making their conduct even more egregious.

## FIRST CLAIM FOR RELIEF

### State Created Danger -

### Fourteenth Amendment Violation

### (42 U.S.C. § 1983)

### (By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive)

31.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

32.     Under the state-created danger rule, state actors may be held liable under § 1983 where (1) "'affirmative conduct on the part of a state actor places a plaintiff in danger,'" and (2) the state actor "acts with 'deliberate indifference' to a 'known or obvious danger'" to the plaintiff's safety. *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023) (quoting *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)).

33.     Upon information and belief, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, while acting under color of law, affirmatively created or exposed EZEKIEL RIVERA and E.R. to the danger of death or serious bodily injury by preventing SOLUNA LORA from taking custody of her children, refusing to remove EZEKIEL RIVERA and E.R. from a home where drugs were present, and refusing to remove EZEKIEL RIVERA and E.R. from Raul Rivera's

1   custody.

2       34.     Indeed, it was the affirmative conduct and actions of Defendants

3   DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, which created

4   or exposed EZEKIEL RIVERA and E.R. to the danger of death or serious bodily injury

5   given that Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10,

6   inclusive, gave Raul Rivera carte blanche to kill EZEKIEL RIVERA and E.R. and

7   refused SOLUNA LORA from providing a haven to EZEKIEL RIVERA and E.R.

8       35.     Upon information and belief, the affirmative conduct of Defendants

9   DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, caused the death

10  of EZEKIEL RIVERA and caused injuries to E.R. including subjecting E.R. to an

11  overdose. Upon information and belief, without the affirmative conduct of Defendants

12  DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, EZEKIEL

13  RIVERA and E.R. would have been out of harm's way and in a safe place. Indeed,

14  upon information and belief, but for the conduct of Defendants DEPUTY SWORDS,

15  DEPUTY CHAVEZ and DOES 1-10, inclusive, EZEKIEL RIVERA and E.R. would

16  have never been exposed to death or serious bodily injury.

17      36.     Given that Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and

18  DOES 1-10, inclusive, knew that Raul Rivera exposed EZEKIEL RIVERA and E.R.

19  to drugs, the residence was filled with drugs, Raul Rivera had a history of drug abuse,

20  and SOLUNA LORA expressly told the deputies about the danger, it was foreseeable

21  that EZEKIEL RIVERA and E.R. would suffer death or serious bodily injury.

22      37.     Furthermore, upon information and belief, Defendants DEPUTY

23  SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, were deliberately

24  indifferent to the danger EZEKIEL RIVERA and E.R. faced and were exposed to. In

25  fact, despite knowing of the serious dangers EZEKIEL RIVERA and E.R. faced,

26  Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive,

27  prevented EZEKIEL RIVERA and E.R. from avoiding such risks.

28  ///

38.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.R., as protected by the Fourteenth Amendment of the United States Constitution were violated and they suffered death and serious bodily injury. EZEKIEL RIVERA suffered the loss of his life and experienced physical pain, severe emotional distress, and mental anguish prior to his death. E.R. suffered serious bodily injury and past, present and future physical pain, severe emotional distress, and mental anguish.

39.     Defendants subjected EZEKIEL RIVERA and E.R.to their wrongful conduct, depriving EZEKIEL RIVERA and E.R. of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of EZEKIEL RIVERA and E.R. and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs does not seek punitive damages against the public entity Defendants.

40.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Special Relationship – Fourteenth Amendment Violation

### (42 U.S.C. § 1983)

**(By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive)**

41.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

42.     When a special relationship exists between a person and the state, the special-relationship exception to the Fourteenth Amendment applies. *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023). The special-relationship exception "applies when [the] state 'takes a person into its custody and holds him there against his will.'" *Id*. (citing *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)). "When

a person is placed in these types of custody, we allow due process claims against the state for a fairly simple reason: a state cannot restrain a person's liberty without also assuming some responsibility for the person's safety and well-being." *Id.*

43.     Upon information and belief, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, while acting under color of law, placed EZEKIEL RIVERA & E.R. in custody and held them against their will.

44.     Upon information and belief, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, restrained EZEKIEL RIVERA & E.R. of their liberty which then required Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10 to ensure the well-being of EZEKIEL RIVERA & E.R. However, instead of ensuring the well-being of EZEKIEL RIVERA & E.R., Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, did not ensure that EZEKIEL RIVERA & E.R. were safe and instead, released EZEKIEL RIVERA & E.R. to the custody of Raul Rivera.

45.     When Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, released EZEKIEL RIVERA & E.R. to Raul Rivera, it was foreseeable that EZEKIEL RIVERA & E.R. would be subjected to the risk of death or serious bodily injury. However, instead of preserving the safety and well-being of EZEKIEL RIVERA & E.R., Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, were deliberately indifferent and place EZEKIEL RIVERA & E.R. which would cause them death or serious bodily injury, which ultimately did occur.

46.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.R., as protected by the Fourteenth Amendment of the United States Constitution were violated and they suffered death and serious bodily injury. EZEKIEL RIVERA suffered the loss of his life and experienced physical pain, severe emotional distress, and mental anguish prior to his death. E.R. suffered serious bodily injury and past, present and future physical pain, severe emotional distress, and mental anguish.

47.     Defendants subjected EZEKIEL RIVERA and E.R.to their wrongful conduct, depriving EZEKIEL RIVERA and E.R. of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of EZEKIEL RIVERA and E.R. and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs does not seek punitive damages against the public entity Defendants.

48.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

### THIRD CLAIM FOR RELIEF

**Due Process – Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**(By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive)**

49.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

50.     The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989)

51.     Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 848 n. 8.

///

52.     As previously alleged, upon information and belief, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, engaged in conduct which was egregious and so outrageous that it shocked the conscience. Upon information and belief, without the egregious and outrageous conduct of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, EZEKIEL RIVERA and E.R. would have been out of harm's way and in a safe place. Indeed, upon information and belief, but for the conduct of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, EZEKIEL RIVERA and E.R. would have never been exposed to death or serious bodily injury.

53.     Given that Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, knew that Raul Rivera exposed EZEKIEL RIVERA and E.R. to drugs, the residence was filled with drugs, Raul Rivera had a history of drug abuse, and SOLUNA LORA expressly told the deputies about the danger, it was foreseeable that EZEKIEL RIVERA and E.R. would suffer death or serious bodily injury showing that the conduct of Defendant shocks the conscience.

54.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.R., as protected by the Fourteenth Amendment of the United States Constitution were violated and they suffered death and serious bodily injury. EZEKIEL RIVERA suffered the loss of his life and experienced physical pain, severe emotional distress, and mental anguish prior to his death. E.R. suffered serious bodily injury and past, present and future physical pain, severe emotional distress, and mental anguish.

55.     Defendants subjected EZEKIEL RIVERA and E.R.to their wrongful conduct, depriving EZEKIEL RIVERA and E.R. of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of EZEKIEL RIVERA and E.R. and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs does not

1  seek punitive damages against the public entity Defendants.

2      56.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

3  U.S.C. § 1988, and other applicable United States and California codes and laws.

4  **<u>FOURTH CLAIM FOR RELIEF</u>**

5  **Interference with Parent/Child Relationship, Fourteenth Amendment Violation**

6  **(42 U.S.C. § 1983)**

7  **(By Plaintiff SOLUNA LORA As Against Defendants DEPUTY SWORDS,**

8  **DEPUTY CHAVEZ and DOES 1-10, inclusive)**

9      57.    Plaintiffs reallege and incorporate herein by reference each of the

10  preceding paragraphs of this complaint, and any subsequent paragraphs.

11      58.    The aforementioned acts and/or omissions of Defendants DEPUTY

12  SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, including placing

13  ESTATE OF EZEKIEL RIVERA & E.R. in clear harm's way, deprived Plaintiff

14  SOLUNA LORA of a relationship with her son, EZEKIEL RIVERA. In causing such

15  interference, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and DOES 1-10,

16  inclusive, were deliberately indifferent to EZEKIEL RIVERA's life, protection, and

17  safety, violated SOLUNA LORA's constitutional rights. Clearly, the aforementioned

18  acts and/or omissions of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and

19  DOES 1-10, inclusive, including placing EZEKIEL RIVERA & E.R. in clear harm's

20  way, deprived of SOLUNA LORA of her liberty interests in the familial relationship

21  in violation of her substantive due process rights as defined by the Fourteenth

22  Amendments of the Constitution.

23      59.    All of the acts of Defendants DEPUTY SWORDS, DEPUTY CHAVEZ

24  and DOES 1-10, inclusive, were done under color of state law.

25      60.    In acting with deliberate indifference to the rights, safety, and wellbeing

26  of EZEKIEL RIVERA, Defendants DEPUTY SWORDS, DEPUTY CHAVEZ and

27  DOES 1-10, inclusive, acted with a purpose to harm unrelated to any legitimate law

28  enforcement objective given that Defendants DEPUTY SWORDS, DEPUTY

1  CHAVEZ and DOES 1-10, inclusive, placed EZEKIEL RIVERA in direct harm's way

2  instead of ensuring EZEKIEL RIVERA was safe.

3       61.    In addition to acting with a purpose to harm, Defendants DEPUTY

4  SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, were deliberately

5  indifference given that actual deliberation was practical. Defendants DEPUTY

6  SWORDS, DEPUTY CHAVEZ and DOES 1-10, inclusive, had an opportunity to

7  make unhurried judgments and had an extended opportunity to do better when deciding

8  to place EZEKIEL RIVERA in direct harm's way. However, despite having an

9  opportunity for actual deliberation, Defendants DEPUTY SWORDS, DEPUTY

10  CHAVEZ and DOES 1-10, failed to care for the safety of EZEKIEL RIVERA & E.R.

11  and caused EZEKIEL RIVERA & E.R. to be subjected to death and serious bodily

12  injury.

13       62.    Accordingly, the conduct of Defendants DEPUTY SWORDS, DEPUTY

14  CHAVEZ and DOES 1-10, inclusive, shocks the conscience and has destroyed his

15  familial association of Plaintiff and EZEKIEL RIVERA.

16       63.    As a direct and proximate result of Defendants' acts and/or omissions as

17  set forth above, Plaintiff sustained injuries and damages and are entitled to damages

18  under the Fourteenth amendment pursuant to 42 U.S.C. § 1983.

19       64.    Furthermore, Defendants subjected Decedent to their wrongful conduct,

20  depriving Decedent of rights described herein, knowingly, maliciously, and with

21  conscious and reckless disregard for whether the rights and safety of Decedent and

22  others would be violated by their acts and/or omissions. The conduct of Defendants

23  entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983

24  and as provided by law. Plaintiffs do not seek punitive damages against Defendants

25  CITY, COUNTY and STATE.

26       65.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

27  U.S.C. § 1988, and other applicable United States and California codes and laws.

28  ///

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Policies, Customs, Practices

### (*Monell*, 42 U.S.C. § 1983)

### (By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants KCSO, KERN COUNTY and DOES 1-10, inclusive)

66.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

67.     The unconstitutional actions and/or omissions of Defendants KCSO and KERN COUNTY as well as other employees acting on behalf of the Defendants KCSO and KERN COUNTY on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Defendants KCSO and KERN COUNTY, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the KCSO and KERN COUNTY:

A. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to permit minor children to remain in harm's way;

B. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to leave children with a parent who is posing a risk to the child;

C. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to permit minor children to remain in the custody of a parent who presents a danger to the minor;

D. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to leave children with a parent who is abusing drugs;

E. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to refuse to arrest a parent who is posing a risk to their child;

F. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to preclude a parent from taking custody of their child;

G. To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to preclude a parent from taking custody of their child despite the

parent is removing the child from harm's way;

H.  To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to require documentation in order for a parent to take custody of their child;

I.  To permit KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, to refuse to arrest a parent who is posing a risk to their child.

68.  Defendants KCSO and KERN COUNTY, through their employees and agents, and through their policy-making supervisors, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, with deliberate indifference to the constitutional rights of EZEKIEL RIVERA and E.Z and others in similar positions, as described above, and therefore, those rights thereby violated.

69.  The unconstitutional actions and/or omissions of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, as described above, were approved, tolerated, and/or ratified by policymaking officers for the Defendants KCSO and KERN COUNTY.

70.  Plaintiff are informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the Defendants KCSO and KERN COUNTY and that such policymakers have direct knowledge of the fact that the deaths and injuries of EZEKIEL RIVERA and E.Z was the result of deliberate indifference to his rights to be protected and safe. Notwithstanding this knowledge, the authorized policymakers within the Defendants KCSO and KERN COUNTY have approved of the conduct and decisions of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death and injuries of EZEKIEL RIVERA and E.R. By so doing, the authorized policymakers within the Defendants KCSO and KERN COUNTY have shown affirmative agreement with the individual Defendants' actions

and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that policy-making officers for Defendants KCSO and KERN COUNTY were and are aware of a pattern of misconduct and injury caused by the operation of basins, channels, and storm drains.

71.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants KCSO and KERN COUNTY were a moving force and/or a proximate cause of the deprivations of EZEKIEL RIVERA and E.Z's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected EZEKIEL RIVERA and E.Z to their wrongful conduct, depriving EZEKIEL RIVERA and E.Z of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of EZEKIEL RIVERA and E.Z, Plaintiffs and others would be violated by their acts and/or omissions.

72.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants KCSO and KERN COUNTY, as described above, EZEKIEL RIVERA and E.Z suffered serious injuries and death, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants KCSO and KERN COUNTY.

73.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.Z, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, EZEKIEL RIVERA and E.Z experienced physical pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

74.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

///

75.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants KCSO and KERN COUNTY.

76.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train

### (*Monell*, 42 U.S.C. § 1983)

### (By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants KCSO, KERN COUNTY and DOES 1-10, inclusive)

77.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

78.     As set forth in the herein, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, and each of them, committed clear and well-established violations of constitutional rights against Plaintiffs within the course and scope of their employment as KCSO deputies, under color of law.

79.     The training of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, by the Defendants KCSO and COUNTY have not adequately instilled the necessary discipline, restraint, competence, and respect for civil rights required of armed law enforcement personnel. In particular, the training of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, failed in that such deputies did not engage in constitutional enforcement of the laws under the Fourth and Fourteenth Amendments to the United States Constitution.

///

**COMPLAINT FOR DAMAGES**

80.     The critical need for discipline, care, restraint, and competence on the part of law enforcement was and is, or reasonably should have been, well-known to the Defendants KCSO and COUNTY.

81.     In fact, Defendants KCSO and COUNTY failed to train their deputies in the following regard:

A. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in permitting minor children to remain in harm's way;

B. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in leaving children with a parent who is posing a risk to the child;

C. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, permitting minor children to remain in the custody of a parent who presents a danger to the minor;

D. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, leaving children with a parent who is abusing drugs;

E. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in refusing to arrest a parent who is posing a risk to their child;

F. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in precluding a parent from taking custody of their child;

G. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in precluding a parent from taking custody of their child despite the parent is removing the child from harm's way;

H. Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in requiring documentation in order for a parent to take custody of their child;

///

I.  Failing to train KCSO deputies, including DEPUTY SWORDS and DEPUTY CHAVEZ, in refusing to arrest a parent who is posing a risk to their child.

82.     Therefore, despite the resounding need for improved or further training, both in general and with respect to Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, in particular, Defendants KCSO and COUNTY allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within their department, thereby substantially causing the present plaintiffs, and countless others like them, to suffer extensive and irreversible violations of their civil rights, including but not limited to the freedom from unreasonable search, seizure, excessive force, medical deprivation, compelled self-incrimination, and retaliation for the exercise thereof such constitutional rights.

83.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.Z, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, EZEKIEL RIVERA and E.Z experienced physical pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

84.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

85.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants KCSO and KERN COUNTY.

///

///

86.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Ratification

### (*Monell* - 42 U.S.C. § 1983)

### (By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants KCSO, KERN COUNTY and DOES 1-10, inclusive)

87.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

88.    As set forth in the herein, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, and each of them, committed clear and well-established violations of constitutional rights against Plaintiffs within the course and scope of their employment as KCSO deputies, under color of law.

89.    Upon information and belief, Defendants YOUNGBLOOD and DOES 1-10, who acted as final policy makers, also acted under color of law.

90.    Defendants YOUNGBLOOD and DOES 1-10, had final policymaking authority from Defendants KCSO and COUNTY concerning the acts and the failure to act on the conduct of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive.

91.    Upon information and belief, Defendants YOUNGBLOOD and DOES 1-10, who acted as final policy makers, were expressly aware of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, concerning Plaintiffs and how the conduct of Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive, directly led to the death of EZEKIEL RIVERA and the overdose of E.R.

92.    Upon information and belief, Defendants YOUNGBLOOD and DOES 1-10, who acted as final policy makers, ratified Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10, inclusive's acts and failure to act, that is,

Defendants YOUNGBLOOD and DOES 1-10, knew of and specifically made a deliberate choice to approve Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1-10,'s acts and failure to act and the basis for their conduct.

93.     As a direct and proximate result of Defendants' conduct, the civil rights of EZEKIEL RIVERA and E.Z, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, EZEKIEL RIVERA and E.Z experienced physical pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

94.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

95.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants KCSO and KERN COUNTY.

96.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## EIGHTH CLAIM FOR RELIEF

### Supervisory Liability

### (42 U.S.C. § 1983)

**(By Plaintiffs ESTATE OF EZEKIEL RIVERA & E.R. As Against Defendants YOUNGBLOOD and DOES 1-10, inclusive)**

97.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

98.     At all material times, SHERIFF YOUNGBLOOD and DOES 8 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor,

1  supervise, evaluate, investigate, staff, and discipline the other Defendants employed by

2  their respective agencies in this matter, as well as all employees and agents of the

3  COUNTY and KCSO.

4      99.    Defendants SHERIFF YOUNGBLOOD, and DOES 1 through 10 failed

5  to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline

6  the respective employees of their agencies, including Defendants DOES 1 through 10,

7  and other COUNTY and KCSO personnel, with deliberate indifference to Plaintiff's,

8  and others' constitutional rights, which were thereby violated as described in the

9  foregoing claims for relief.

10      100.    As supervisors, SHERIFF YOUNGBLOOD, and DOES 1 through 10

11  each permitted and failed to prevent the unconstitutional acts of other Defendants and

12  individuals under their supervision and control, and failed to properly supervise such

13  individuals, with deliberate indifference to the rights to safety and protections of

14  members of the public, such as Plaintiffs, when law enforcement is called to remove a

15  child from harm's way.

16      101.    Supervising Defendants either directed his or her subordinates in conduct

17  that violated 's rights, or set in motion a series of acts and omissions by his or her

18  subordinates that the supervisor knew or reasonably should have known would deprive

19  Plaintiffs of rights, or knew his or her subordinates were engaging in acts likely to

20  deprive Plaintiffs of rights and failed to act to prevent his or her subordinate from

21  engaging in such conduct, or disregarded the consequence of a known or obvious

22  training deficiency that he or she must have known would cause subordinates to violate

23  Plaintiffs' rights, and in fact did cause the violation of Plaintiffs' rights. (*See*, Ninth

24  Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising

25  Defendants is liable in their failures to intervene in their subordinates' apparent

26  violations of Plaintiffs' rights.

27      102.    As a direct and proximate result of Defendants' conduct, the civil rights

28  of EZEKIEL RIVERA and E.Z, as protected by the Fourteenth Amendment of the

1  United States Constitution were violated and they lost their lives as a result. Further,

2  EZEKIEL RIVERA and E.Z experienced physical pain, severe emotional distress, and

3  mental anguish, as well as loss of their life and other damages alleged herein.

4      103.   As a direct and proximate result of Defendants' acts and/or omissions as

5  set forth above, Plaintiffs sustained injuries and damages.

6      104.   Defendants subjected Decedent to their wrongful conduct, depriving

7  Decedent of rights described herein, knowingly, maliciously, and with conscious and

8  reckless disregard for whether the rights and safety of Decedent and others would be

9  violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs

10  to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided

11  by law. Plaintiffs do not seek punitive damages against Defendants KCSO and KERN

12  COUNTY.

13      105.   Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

14  U.S.C. § 1988, and other applicable United States and California codes and laws.

## NINTH CLAIM FOR RELIEF

### Negligence

### (By Plaintiffs EZEKIEL RIVERA and E.R. As Against All Defendants Save SHERIFF YOUNGBLOOD)

19      106.   Plaintiffs reallege and incorporate herein by reference each of the

20  preceding paragraphs of this complaint, and any subsequent paragraphs.

21      107.   This action is brought pursuant to §§ 820 and 815.2 of the California

22  Government Code. Under §§ 820 of the Government Code, as public employees,

23  Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1 through 10,

24  inclusive, and each of them, are liable for injuries caused by their acts or omissions to

25  the same extent as private persons. Under §§ 815.2 of the Government Code,

26  Defendants KCSO and COUNTY are vicariously liable for the acts and omissions of

27  its employees committed within the course and scope of their employment.

28  ///

108.   At all times, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1 through 10, inclusive, owed Plaintiffs EZEKIEL RIVERA and E.R. the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, and to ensure they are not exposed to death or serious bodily injury. Defendants, and each of them, owed these duties of care to EZEKIEL RIVERA and E.R. by virtue of their law enforcement contact on June 3, 2023.

109.   Furthermore, the duties of reasonable care owed to EZEKIEL RIVERA and E.R. by Defendants, and each of them, include but are not limited to the following specific obligations:

A. To not be exposed to death and serious bodily injury;

B. To leave children with a parent who is posing a risk to the child;

C. To permit minor children to remain in the custody of a parent who presents a danger to the minor;

D. To leave children with a parent who is abusing drugs;

E. To refuse to arrest a parent who is posing a risk to their child;

F. To not be refused to be in the custody of one parent over the other;

G. To preclude a parent from taking custody of their child;

H. To preclude a parent from taking custody of their child despite the parent is removing the child from harm's way;

I. To require documentation in order for a parent to take custody of their child;

J. To refuse to arrest a parent who is posing a risk to their child.

K. To use generally accepted law enforcement procedures that are reasonable and appropriate for EZEKIEL RIVERA and E.R.'s status;

L. To refrain from abusing their authority granted them by law;

M. To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth herein, and as otherwise protected by law.

///

**COMPLAINT FOR DAMAGES**

110.   Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

111.   Defendants, and each of them, failed to exercise ordinary care in their failures of duty as detailed in the preceding paragraph, thereby proximately and foreseeably causing EZEKIEL RIVERA's death and E.R.'s injuries.

112.   As a direct and proximate result of Defendants' breaches of duty, EZEKIEL RIVERA suffered death and E.R. suffered significant medical injuries and experienced immense pain and suffering. The ESTATE OF EZEKIEL RIVERA also claims damages for EZEKIEL RIVERA's own pre-death pain and suffering pursuant to Code Civ. Proc. § 377.34.

### TENTH CLAIM FOR RELIEF

**Wrongful Death**

**(By Plaintiff SOLUNA LORA As Against As Against All Defendants Save SHERIFF YOUNGBLOOD)**

113.   Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

114.   This action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Under §§ 820 of the Government Code, as public employees, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1 through 10, inclusive, and each of them, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under §§ 815.2 of the Government Code, Defendants KCSO and COUNTY are vicariously liable for the acts and omissions of its employees committed within the course and scope of their employment.

115.   At all times, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1 through 10, inclusive, owed Plaintiffs EZEKIEL RIVERA and E.R. the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, and to ensure they are not exposed to death or serious bodily injury. Defendants, and each of them, owed these duties of care to EZEKIEL RIVERA and

E.R. by virtue of their law enforcement contact on June 3, 2023.

116.   Furthermore, the duties of reasonable care owed to EZEKIEL RIVERA and E.R. by Defendants, and each of them, include but are not limited to the following specific obligations:

A. To not be exposed to death and serious bodily injury;

B. To leave children with a parent who is posing a risk to the child;

C. To permit minor children to remain in the custody of a parent who presents a danger to the minor;

D. To leave children with a parent who is abusing drugs;

E. To refuse to arrest a parent who is posing a risk to their child;

F. To not be refused to be in the custody of one parent over the other;

G. To preclude a parent from taking custody of their child;

H. To preclude a parent from taking custody of their child despite the parent is removing the child from harm's way;

I. To require documentation in order for a parent to take custody of their child;

J. To refuse to arrest a parent who is posing a risk to their child.

K. To use generally accepted law enforcement procedures that are reasonable and appropriate for EZEKIEL RIVERA and E.R.'s status;

L. To refrain from abusing their authority granted them by law;

M. To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth herein, and as otherwise protected by law.

117.   Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

118.   Defendants, and each of them, failed to exercise ordinary care in their failures of duty as detailed in the preceding paragraph, thereby proximately and foreseeably causing EZEKIEL RIVERA's death and E.R.'s injuries.

///

**COMPLAINT FOR DAMAGES**

119.   As a direct and proximate result of Defendants' breaches of duty, thew wrongful death of EZEKIEL RIVERA occurred and SOLUNA LORA is now deprived of her beloved son for the rest of her life. Accordingly, Plaintiff SOLUNA LORA seeks wrongful death damages for the wrongful death of EZEKIEL RIVERA.

**<u>ELEVENTH CLAIM FOR RELIEF</u>**

**Violation of California Civil Code §52.1**

**(Tom Bane Act)**

**(By Plaintiff EZEKIEL RIVERA AND E.R. As Against All Defendants Save SHERIFF YOUNGBLOOD)**

120.   Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

121.   This claim for relief is bring brought pursuant to Civil Code § 52.1. This action is also brought pursuant to §§ 820 and 815.2 of the California Government Code. Under §§ 820 of the Government Code, as public employees, Defendants DEPUTY SWORDS and DEPUTY CHAVEZ, and DOES 1 through 10, inclusive, and each of them, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under §§ 815.2 of the Government Code, Defendants KCSO and COUNTY are vicariously liable for the acts and omissions of its employees committed within the course and scope of their employment.

122.   By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while  EZEKIEL RIVERA and E.R. was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated EZEKIEL RIVERA and E.R.'s rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

      a. The right to be free from objectively unreasonable treatment and deliberate indifference to death and serious bodily injury needs while in contact with law enforcement as secured by the Fourth and/or Fourteenth

1    Amendments to the United States Constitution and by California

2    Constitution, Article 1, §§ 7 and 13;

3    b.  The right for the familial association to be free from government

4    interference as secured by the Fourteenth Amendments to the United

5    States Constitution; and

6    c.  The right to enjoy and defend life and liberty; acquire, possess, and protect

7    property; and pursue and obtain safety, happiness, and privacy, as secured

8    by the California Constitution, Article 1, § 1.

9    123.  Defendants' violations of EZEKIEL RIVERA and E.R.'s due process

10   rights with deliberate indifference, in and of themselves constitute violations of the

11   Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted

12   interference, interference with, and violation of EZEKIEL RIVERA and E.R.'s rights

13   as described above, Defendants violated EZEKIEL RIVERA and E.R.'s rights by the

14   following conduct constituting threat, intimidation, or coercion:

15   a.  With deliberate indifference to EZEKIEL RIVERA and E.R.'s exposure

16   to death and serious bodily injury, suffering, and risk of grave harm

17   including death;

18   b.  With deliberate indifference to hazards that posed a risk to children such

19   as EZEKIEL RIVERA and E.R. when they are left in the custody of a

20   dangerous parent including a parent with a history of drug abuse;

21   c.  With deliberate indifference leaving children with a parent who is posing

22   a risk to the child, with deliberate indifference to refusing to arrest a parent

23   who is posing a risk to their child, with deliberate indifference precluding

24   a parent from taking custody of their child, with deliberate indifference to

25   precluding a parent from taking custody of their child despite the parent

26   is removing the child from harm's way, with deliberate indifference to

27   requiring documentation in order for a parent to take custody of their

28   child, and with deliberate indifference to refusing to arrest a parent who is

posing a risk to their child; and

    d. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Plaintiff would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Plaintiff was here.

124.   The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of EZEKIEL RIVERA and E.R.'s rights, or to any legitimate and lawful jail or law enforcement activity.

125.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

126.   Further, each Defendant violated EZEKIEL RIVERA and E.R.'s rights reckless disregard and with the specific intent and purpose to deprive them of their enjoyment of those rights and of the interests protected by those rights.

127.   Defendants KCSCO and COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

128.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of EZEKIEL RIVERA AND E.R.'s rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiffs respectfully request that the Court enter a judgment as follows:

**COMPLAINT FOR DAMAGES**

A.   Wrongful death of EZEKIEL RIVERA, pursuant to Cal. Code of Civ. Proc. § 377.*60 et. seq.*;

B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support of EZEKIEL RIVERA pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq.*;

C.   EZEKIEL RIVERA's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq.*;

D.   Violation of EZEKIEL RIVERA's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq.* and federal civil rights law;

E.   EZEKIEL RIVERA's loss of life, pursuant to federal civil rights law;

F.   EZEKIEL RIVERA's conscious pain, suffering, and disfigurement, pursuant to state and federal civil rights law;

G.   All of Plaintiffs' general damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.   All of Plaintiffs' non-economic damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.   Punitive damages as to individual defendants;

J.   Attorney's fees pursuant to federal law and state law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.   A multiplier of damages and penalties under the Tom Bane Act;

L.   Interest; and

M.   All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq.*, 377.60 *et. seq.*, and 1021.5; California Civil Code §§ 52 *et. seq.*, 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: February 6, 2024        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                 **A PROFESSIONAL LAW CORPORATION**


By: _____
     Christian Contreras, Esq.
     Edwin S. Salguero, Esq.
     Attorneys for Plaintiff,
     ESATE OF EZEKIEL RIVERA, et al.

## **DEMAND FOR JURY TRIAL**

Plaintiff, EZEKIEL RIVERA, SOLUNA LORA, and E.R., hereby make a demand for a jury trial on all claims for relief in this action.

Dated: February 6, 2024 `        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                 **A PROFESSIONAL LAW CORPORATION**


By: _____
     Christian Contreras, Esq.
     Edwin S. Salguero, Esq.
     Attorneys for Plaintiff,
     ESATE OF EZEKIEL RIVERA, et al.

**COMPLAINT FOR DAMAGES**