UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF EZEKIEL RIVERA, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, *et al*.<br><br>Defendants. | Case No. 1:24-cv-00176-JLT-CDB<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM OF MINOR E.R.<br><br>(Doc. 8) |

On February 8, 2024, Plaintiff E.R. filed a petition to appoint Josephina Villareal as his guardian ad litem. (Doc. 3). On February 9, 2024, the Court denied Plaintiff E.R.'s petition without prejudice as the motion did not comply with Local Rule 202. (Doc. 7). That same day, Plaintiff E.R. filed a renewed petition for appointment of guardian ad litem. (Doc. 8).

**Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represents the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

**Discussion**

Plaintiff's petition represents that Plaintiff E.R. is four years old.  (Doc. 8).  No previous motion for appointment of guardian ad litem has been filed in this matter.[1]  The proposed guardian ad litem, Josephina Villareal, the biological aunt of E.R., declares she has no interests adverse to the interest of E.R.  *Id*. at 7.  Ms. Villareal notes she was informed by counsel and understands that the appointment of a guardian ad litem is necessary under the applicable state and federal rules.  *Id*.  Ms. Villareal represents she is competent to testify and is willing to serve as guardian ad litem for E.R. in this action.  *Id*.  Separately, the motion meets E.D. Cal. Local Rule 202(c) in disclosing the attorney for Plaintiff's interests.  *Id*. at 4-5.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff E.R.'s petition to appoint Josephina Villareal as guardian ad litem (Doc. 8) is GRANTED; and
2. Josephina Villareal is appointed to act as guardian ad litem for Plaintiff E.R. and is authorized to prosecute the claim on E.R.'s behalf.

IT IS SO ORDERED.

Dated:   **February 12, 2024**                               _____
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary.  E.D. Cal. Local Rule 202(a).